**Bhupinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–73108.**

United States Court of Appeals, Ninth Circuit.

---

\* Alberto R. Gonzales is substituted for his pre-

decessor, John Ashcroft, as Attorney General

Submitted June 15, 2005.**

Decided June 23, 2005.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REAVLEY,*** T.G. NELSON, and RAWLINSON, Circuit Judges.

MEMORANDUM ****

■ Bhupinder Singh appeals the BIA's denial of his applications for adjustment of status and waiver of excludability. Our jurisdiction is limited by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility At of 1996 ("IIRIRA"). IIRIRA § 309(c), Pub.L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996); *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). Under the transitional rules, we lack jurisdiction to review the Attorney General's discretionary decisions to deny Singh's requested relief under sections 212(i) and 245(i) of the Immigration and Nationality Act ("INA"). Those rules do not preclude our review of a colorable due process claim, however. *Torres–Aguilar v. INS*, 246 F.3d 1267, 1270–71 (9th Cir.2001). Because we conclude that Singh's due process claims have "some

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. Rule 36–3.

possible validity," we have jurisdiction to consider them. *Id.*

■ Singh's due process claims fail because he cannot show prejudice—that the outcome of the BIA proceeding may have been affected by the IJ's alleged bias, her alleged denial of Singh's right to a reasonable opportunity to present evidence, and the BIA's review of an allegedly incomplete record of the IJ hearings. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). The BIA indicated that it would have denied Singh relief based solely on his false asylum claim, regardless of the IJ's conclusions. Any due process violations that may have occurred in the IJ hearings thus did not affect the BIA's decision to deny relief, and we accordingly deny the petition.

**PETITION DENIED.**